**Thomas J. KAVANAGH, as Conservator of Carl Rohrbach, Conservatee, and Carl Rohrbach, Plaintiffs,**

v.

**Otis R. BOWEN, Secretary of Health and Human Services, Defendant.**

No. 84 Civ. 2430 (SWK).

United States District Court, S.D. New York.

March 7, 1987.

Thomas J. Kavanagh, New York City, for plaintiffs.

Rudolph W.X Giuliani, U.S. Atty., S.D. N.Y. by Rosemarie E. Matera, Annette H. Blum, Susan V. Kayser, New York City, for defendant.

## MEMORANDUM OPINION AND ORDER

KRAM, District Judge.

Plaintiff Thomas Kavanagh brings this case as conservator of the estate of Carl Rohrbach to recover Medicare reimbursement for the cost of treatment Rohrbach received in Community Memorial Hospital from January 4, 1982 through January 15, 1982. The Court referred this case to Magistrate Francis for a Report and Recommendation (the "Report"). The Report, filed on September 9, 1986, concludes that the Secretary's decision denying Carl Rohrbach's application for Medicare benefits is not supported by substantial evidence. The Report recommends that the Secretary's decision be reversed, and that the Secretary be directed to reimburse plaintiff in the amount of $2,155.19, the cost of the inpatient hospital services Rohrbach received.

## SUMMARY OF THE REPORT

The Report finds that the Secretary ignored the fact that Rohrbach received physical therapy under the supervision of a registered physical therapist on ten out of the twelve days in question. The Report stated that absent a statutory exclusion, physical therapy constitutes inpatient hospital services covered by Medicare. The Report also concluded that the Secretary, in ruling that a hospital patient must be acutely ill in order to qualify for Medicare coverage, and that Medicare will not reimburse the cost of skilled hospital care that could have been provided in a less skilled facility, applied an erroneous interpretation of the Social Security Act. The Report states that the proper standard under the Act is the level of care received and whether, given the patient's condition, it was reasonable and necessary.

The Report found that since the Secretary ignored critical evidence and applied the incorrect legal standard, his decision

was not supported by substantial evidence. The Report found that since the record indicates that plaintiff received care covered by Medicare, and since application of the proper legal standard mandates that plaintiff be reimbursed for it, the Secretary's decision should be reversed.

## THE SECRETARY'S OBJECTIONS TO THE REPORT

The Secretary filed two objections to the Report, the second of which it ultimately withdrew. The Secretary's remaining objection is that the inpatient services Rohrbach received after January 3, 1982 were not reasonable and necessary because the care Rohrbach received did not require the complex services which only a hospital can provide, and that the care Rohrbach received, including the physical therapy services, were custodial in nature and not reimbursable.

## DISCUSSION

### A. REASONABLE AND NECESSARY CARE IN A HOSPITAL

■ The Secretary does not dispute that the care Rohrbach received was reasonable and necessary, but argues that it could have been provided in a place other than a hospital, and is not reimbursable. The Secretary thus disputes the Magistrate's finding that the appropriate standard by which to judge a claim for benefits is the level of care rather than the place in which it was received.

The Court agrees with the Magistrate. It is clear from the case law that as long as the treatment received was reasonable and necessary, the location of the treatment is irrelevant to Medicare coverage.[1] *Hultzman v. Weinberger*, 495 F.2d 1276, 1282 (3d Cir.1974). The main case the Secretary relies upon, *Monmouth Medical Center v. Harris*, 646 F.2d 74 (3d Cir.1981), is inappo-

site, as it states that "the *level* of care given to patients is determinative of coverage, rather than the place in which the care is administered." *Id.* at 80 (emphasis in original).[2]

## B. SKILLED INPATIENT SERVICES

[4] The record indicates that the rehabilitation services that Rohrbach received were skilled as that term is defined in the relevant regulation. 42 C.F.R. § 409.33(c). They were also "inpatient services" as defined in subparagraph (3) of 42 U.S.C. § 1395x(b).

## CONCLUSION

The Court has examined the record and all other issues and agrees with the Report in full, and adopts it. Defendant's objections are overruled. The decision of the Secretary is reversed and the Secretary is to reimburse the plaintiff in the sum of $2,155.19.

SO ORDERED.

---

1. Although Rohrbach's treating physician indicated on December 22, 1982 that Rohrbach should be referred to a nursing home, Rohrbach continued to receive inpatient physical therapy at the hospital throughout the relevant period. This therapy was prescribed by his doctor.

2. As the Report indicates, the administrative record is not clear as to whether, during the relevant period, Rohrbach's attorney refused an acceptable, available bed for Rohrbach in the nursing home he was in prior to admission to the hospital. The record also indicates that Rohrbach's attorney was attempting to place him in a suitable nursing home during the time period in question.